UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OTIS MICHAEL BRIDGEFORTH,

                Plaintiff,

      v.

LIEUTENANT J. MCKEON, et al.,

                Defendants.

DECISION & ORDER

09-CV-6162P

---

         Pursuant to 28 U.S.C. § 636(c), the parties have consented to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment. (Docket # 29). Plaintiff Otis Michael Bridgeforth ("Bridgeforth"), proceeding *pro se*, has filed the instant action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by denying him due process in connection with a disciplinary hearing. (Docket # 1). Currently pending before this Court is a motion by defendants to dismiss Bridgeforth's complaint under Federal Rule of Civil Procedure 41(b) for his failure to comply with this Court's October 7, 2010 order. (Docket # 36). For the reasons discussed below, plaintiff is directed to file an affidavit with this Court in accordance with the directions set forth herein by no later than September 16, 2011. In the event that he does not do so, defendants' motion shall be granted and plaintiff's complaint shall be dismissed with prejudice.

         On March 5, 2010, defendants issued a notice of deposition for Bridgeforth. (Docket # 24). The deposition was initially scheduled by Order of this Court for April 30, 2010, but for various reasons this date was extended several times until August 26 and 27, 2010.

(Docket ## 27, 28, 30, 37 at ¶ 3).  Bridgeforth failed to appear on August 26 and 27, 2010.  (Docket # 37 at ¶ 4).  Defendants incurred two witness "no-show" bills of $79.80 from the stenographer in connection with Bridgeforth's failure to appear.  (*Id.*).

On October 6, 2010, this Court held a telephone conference with the parties during which Bridgeforth was instructed that he was required to appear for a deposition and his failure to do so could result in sanctions, including dismissal of his case.  (Docket # 34).  This Court then issued an amended scheduling order setting plaintiff's deposition for December 3 and 4, 2010.  (Docket # 35).  This order expressly warned Bridgeforth that failure to attend the deposition "**may result in sanctions, including monetary sanctions, preclusion of evidence, or entry of default judgment.**"  (*Id.*). (emphasis in original).  Bridgeforth failed to appear on the ordered dates.  (Docket # 37 at ¶ 6).  Defendants again incurred bills from the stenographer because of Bridgeforth's failure to attend the deposition on the days scheduled.  (*Id.*).

Defendants filed the instant motion on December 28, 2010.  (Docket # 36).  Despite a motion scheduling order setting a date for Bridgeforth to respond to the motion, he has not done so.  (Docket # 38).  Bridgeforth has not taken any action in this case since the October 6, 2010 telephone conference.

Bridgeforth has commenced three other lawsuits that are pending in this Court.[1]  A review of the dockets of those cases reveals that the Attorney General's office has filed identical motions to dismiss in each.  On April 8, 2011, Bridgeforth filed a document purporting to explain his neglect in two of the three other pending cases.  (*See* 08-CV-6322, Docket # 59; 08-CV-6584, Docket # 41).  Specifically, Bridgeforth stated that he had been incarcerated in

---

[1] *See* 08-CV-6322, 08-CV-6584 and 08-CV-6349.

Delaware and Rensselaer County, New York since December 2010. (*Id.*). Bridgeforth did not, however, specifically address his whereabouts on December 3 and 4, 2010, nor explain his failure to appear for the depositions. In the third case, on August 22, 2011, Bridgeforth filed a motion to withdraw the action. (*See* 08-CV-6349, Docket # 49).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). The Second Circuit has cautioned that dismissal is a "harsh remedy" to be "utilized only in extreme situations." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotations omitted). In addition, "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Nevertheless, where a *pro se* litigant has been specifically warned that failure to comply with a court order could result in dismissal, dismissal will rarely constitute an abuse of discretion. *Id*. *See also Nita v. Conn. Dep't of Environ. Protection*, 16 F.3d 482, 486 (2d Cir. 1994); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Other non-dispositive factors to be considered before dismissing an action under Rule 41(b) include, *inter alia*, the duration of the plaintiff's failure to comply with the court

order, any prejudice to the defendant and whether lesser sanctions would be effective. *Lewis v. Rawson*, 564 F.3d at 576; *Lucas v. Miles*, 84 F.3d at 535.

Here, Bridgeforth has failed to appear twice for scheduled depositions. This alone may justify dismissal. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute). Further, Bridgeforth was explicitly warned verbally and by my October 7, 2010 written scheduling order that his failure to appear for the December depositions could result in sanctions, including dismissal of his case. Nevertheless, he did not attend. Bridgeforth was on further notice that his case risked dismissal when defendants filed the instant motion. Despite a motion scheduling order affording Bridgeforth the opportunity to respond, he has not done so. Thus, Bridgeforth has failed to take any action or participate in the prosecution of this case for nearly eleven months, since the October 2010 telephone conference. *See* Local Rule of Civil Procedure 41(b) (authorizing the court to issue an order to show cause why the case should not be dismissed where a plaintiff has been in noncompliance with a court order for six months). Further, defendants have demonstrated that Bridgeforth's actions have been prejudicial by twice preparing for depositions that did not occur and incurring over two hundred dollars in court reporting expenses.

Nevertheless, in light of Bridgeforth's response in the pending cases, his intentions regarding prosecution of this case remain unclear. For that reason, should Bridgeforth still wish to pursue this action, he must file an affidavit by no later than September 16, 2011 (1) affirming his intent to prosecute this action, (2) providing an explanation for his failure to appear for his scheduled depositions, and (3) affirming whether or not he was in custody on

December 3 and 4, 2010 and, if so, in what facility.  If no such submission is filed by **September 16, 2011**, this Court shall enter an Order granting defendants' motion to dismiss **(Docket # 36)** and directing the Clerk of the Court to enter judgment in favor of defendants.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated:  Rochester, New York
         August   25  , 2011