UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OTIS MICHAEL BRIDGEFORTH,

                Plaintiff,

      v.

LIEUTENANT J. MCKEON, et al.,

                Defendants.
_____

DECISION & ORDER

09-CV-6162P

      *Pro se* plaintiff Otis Michael Bridgeforth ("Bridgeforth") has filed the instant action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by denying him due process in connection with a disciplinary hearing. (Docket # 1). Currently pending before this Court is defendants' motion for the Court to set aside its order of September 20, 2011 denying defendants' motion to dismiss ("September 20 Order") and reconsider defendants' motion to dismiss pursuant to Rule 60 of the Federal Rules of Civil Procedure and Local Rule 7(d)(3) of the Local Rules of Civil Procedure. (Docket # 46). Bridgeforth has not formally opposed defendants' motion; however, he moved for miscellaneous relief on October 7, 2011, prior to defendants' motion, seeking an extension to complete discovery and depositions. (Docket # 44).

      On December 28, 2010, defendants moved to dismiss Bridgeforth's complaint under Rule 41(b) as a result of his failure to comply with this Court's October 7, 2010 order

directing Bridgeforth to appear for depositions on December 3 and 4, 2010.[1] (Docket # 36). On August 25, 2011, this Court directed the plaintiff to file an affidavit by September 16, 2011 (1) affirming his intent to prosecute this action; (2) explaining his failure to appear for his depositions scheduled for December 3 and 4, 2010; and, (3) affirming whether or not he was in custody on those dates, and, if so, in what facility. (Docket # 40). The Court noted that Bridgeforth's failure to comply could result in dismissal. (*Id*.). On September 15, 2011, Bridgeforth filed an affidavit asserting that he failed to appear for his scheduled depositions because he "could not gain out of state traveling ability due to restrictions on his interstate compact parole," and that he was "in custody with the State of Delaware New Castle County Adult Probation and Parole on December 3 and 4, 2010." (Docket # 41). On September 20, 2011, based on Bridgeforth's representation that he was in custody on the deposition dates, the Court denied defendants' motion to dismiss. (Docket # 42).

On November 30, 2011, defendants filed the instant motion pursuant to Rule 60 and Local Rule 7(d)(3) on the ground that the September 20, 2011 order was based on Bridgeforth's fraudulent misrepresentations. (Docket # 46). In support of the motion, defendants submitted a declaration from Kristy Bradford ("Bradford"), a Delaware Probation and Parole officer. (Docket # 48).

Bradford affirms that she was Bridgeforth's probation officer from July 28, 2010 until December 29, 2010, and that the probation department in Delaware generally grants permission upon request to probationers to attend out of state court proceedings. (*Id*. at ¶¶ 3, 7,

---

[1] Indeed, Bridgeforth had also failed to appear on an earlier occasion for scheduled depositions. (*See* Docket # 40 at 2). On both occasions – August 2010 and December 2010 – defendants incurred stenographer costs as a result of Bridgeforth's non-appearance. (*Id*.).

9).  According to Bradford, Bridgeforth never requested permission.  (*Id*. at ¶¶ 7, 9).  Bradford further stated that the terms of Bridgeforth's probation did not prohibit him from traveling out of state and that she had the discretion to allow him to do so.  (*Id*.).  In addition, Bradford asserts that although Bridgeforth was under probation supervision during those dates, he was not detained or incarcerated in any facility.  (*Id*. at ¶ 10).  According to Bradford, Bridgeforth was not detained until he was arrested on December 29, 2010 due to other probation violations.  (*Id*.).

## DISCUSSION

I. **Defendants' Motion to Set Aside Judgment**

Under Rule 60 of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(3).  Rule 60 applies to a "final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  A judgment is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *See Catlin v. United States*, 324 U.S. 229, 233 (1945).  Here, my September 20 Order was not "final" because it did not dismiss Bridgeforth's claim; rather, my order permitted his claim to go forward and was therefore interlocutory.  *See U.S. Bank Nat'l Ass'n v. Crutch*, 2012 WL 1605595, *1 n.2 (E.D.N.Y. 2012) (order granting summary judgment was not final because issue of damages remained); *Crown Castle USA Inc. v. Fred A. Nudd Corp.*, 2008 WL 3841298, *6 (W.D.N.Y. 2008) (decision on motion for partial summary judgment was not final order).  Accordingly, relief under Rule 60 is not available to defendants.

Relief from interlocutory orders not governed by Rule 60(b), however, is "left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60, 1946 amendment advisory committee's notes. *Accord Burke v. Warren Cnty. Sheriff's Dep't*, 916 F. Supp. 181, 183 (N.D.N.Y. 1996); *Acme Printing Ink Co. v. Menard, Inc.*, 891 F. Supp. 1289, 1295 (E.D. Wis. 1995); *Krome v. Merrill Lynch & Co., Inc.*, 110 F.R.D. 693, 694-95 (S.D.N.Y.1986) (collecting cases). Thus, as the Second Circuit has recognized, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir.), *cert. denied*, 695 F.2d 45 (1982); *see also United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("whether the case *sub judice* be civil or criminal: so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so").[2]

In this case, defendants' evidence presents a compelling reason to reconsider my previous ruling. I previously denied defendants' motion to dismiss on the ground that Bridgeforth represented that he could not leave the state for his scheduled depositions and that he was in custody on the deposition dates. (Docket # 42). The defendants have now come forward with evidence discrediting Bridgeforth's explanations, however. Specifically, Bridgeforth's

---

[2] Although Local Rule 7(d)(3) requires motions for reconsideration not brought under Fed. R. Civ. P. 60 to be made within twenty-eight days, motions for reconsideration that are untimely under applicable local rules may be entertained where, as here, a compelling reason exists to do so. *See Richman v. W.L. Gore & Assoc's., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997). *Accord Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009); *Abreu v. Family Shipping and Serv.*, 2000 WL 516489, *1 (E.D.N.Y. 2000). *See* Fed. R. Civ. P. 54(b) ("[a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

probation officer has affirmed that Bridgeforth could have sought and received permission to travel out of state and that he was not in custody on the specified dates. (Docket # 48). Thus, I find that defendants have supplied new evidence that Bridgeforth has made misrepresentations to the Court. Further, Bridgeforth has failed to counter defendants' assertions, despite the opportunity to do so. Therefore, reconsideration of this Court's September 20 Order is appropriate under the Court's inherent power.

As noted in this Court's previous decision (Docket # 40), dismissal is appropriate under Rule 41(b) where the record demonstrates a plaintiff's lack of due diligence in prosecuting a lawsuit, including failure to appear for a scheduled deposition. *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955). Based on my previous findings that Bridgeforth failed to comply with court orders resulting in prejudice to the defendants, and in accordance with my findings above that Bridgeforth was indeed available on the scheduled deposition dates, I grant defendants' motion dismiss pursuant to Rule 41.

**II.    Motion for Miscellaneous Relief**

In Bridgeforth's motion for miscellaneous relief, he seeks an extension of time to complete discovery and depositions on the ground he has been incarcerated since December 29, 2010. (Docket # 44). Bridgeforth's motion, however, is now moot because dismissal has been ordered.

## CONCLUSION

For the reasons discussed above, defendants' motion **(Docket # 46)** to set aside this Court's September 20, 2011 Order (Docket # 42) is **GRANTED** and the case is **DISMISSED**.  The Clerk of the Court shall enter judgment in favor of defendants.  Bridgeforth's motion for miscellaneous relief **(Docket # 44)** is **DENIED as MOOT**.

**IT IS SO ORDERED**.

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated:  Rochester, New York
        September  10 , 2012